IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA WAGNER,<br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>CLIENT SERVICES, INC.,<br>　　　　　　　Defendant. | CIVIL ACTION NO. 08-5546 (MMB) |

## **ORDER**

AND NOW, this ___ day of _____, 2009, upon consideration of Defendant's Motion to Dismiss (Doc. No. 4) for Failure to State a Claim and Plaintiff's Opposition in response thereto, it is ORDERED that Defendant's Motion to Dismiss is denied. Defendant shall file an answer to the Complaint within ten (10) days from the date of this Order.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

clf\wagner-client services\pleadings\Response to Motion to Dismiss Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA WAGNER,<br>      Plaintiff,<br><br>  vs.<br><br>CLIENT SERVICES, INC.,<br>      Defendant. | CIVIL ACTION NO. 08-5546 |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

  Plaintiff Paula Wagner's well-pled Complaint amply sets forth a claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). Defendant Client Services, Inc. has misrepresented when, if ever, an IRS 1099 miscellaneous income form is required to be submitted. This misrepresentation violates the FDCPA ban on false and misleading statements, and this plainly states a claim. Consequently, defendant's motion should be denied.

  Plaintiff incorporates the within Memorandum of Law in support of her response in opposition to defendant's motion.

                       Respectfully submitted:

Date: 01/16/09             */s/ Theodore E. Lorenz (TEL5114)*
                       CARY L. FLITTER
                       THEODORE E. LORENZ
                       ANDREW M. MILZ
                       Attorneys for Plaintiff

                       LUNDY, FLITTER, BELDECOS &
                       BERGER, P.C.
                       450 N. Narberth Avenue
                       Narberth, PA 19072
                       (610) 822-0781

clf\wagner-client services\pleadings\Response to Motion to Dismiss Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA WAGNER, <br>                     Plaintiff, <br><br> vs. <br><br> CLIENT SERVICES, INC., <br>                     Defendant. | CIVIL ACTION NO. 08-5546 (MMB) |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.CIV.P. 12(b)(6)

**I.      INTRODUCTION**

On November 25, 2008, Plaintiff Paula Wagner filed a Complaint against defendant Client Services, Inc. in connection with a false, deceptive and misleading collection letter sent to her, in violation of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, et seq ("FDCPA"). On January 2, 2006, defendant filed a Rule 12(b)(6) motion to dismiss the Complaint, asserting that it fails to state a claim upon which relief may be granted. (Doc. No. 4). As discussed below, defendant has not met its burden of showing that plaintiff fails to state a claim upon which relief may be granted.  As a result, defendant's motion should be denied.

**II.     FACTUAL BACKGROUND**

On April 8, 2008, Client Services sent plaintiff a communication in an attempt to collect a consumer debt alleged due.  The letter referenced an alleged legal requirement pertaining to tax reporting.  (See Exhibit "A" to the Complaint attached hereto).[1]  Defendant's April 8 letter states in part: "If the amount written-off is equal or greater than $600.00, <u>our client is required by</u>

---

[1] For privacy purposes, as opposed to some nefarious purpose alluded to by defense counsel in his motion, the amount claimed due by Client Services was redacted in Exhibit A to the Complaint.  Since documents are subject to public inspection, the amount claimed due by a collector, which is frequently misstated and overinflated, need not be a matter for public disclosure, so the figure is routinely redacted.

Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C".

(Exhibit "A"). (emphasis added).

Chapter 26, Section 1.6050P-1, of the Code of Federal Regulations ("CFR") provides, in part:

> Except as provided in paragraph (d) of this section, any applicable entity. . . that discharges an indebtedness of any person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. ... [A] discharge of indebtedness is deemed to have occurred, except as provided in paragraph (b)(3) of this section, if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, whether or not an actual discharge of indebtedness has occurred on or before the date on which the identifiable event has occurred.

There are seven identifiable events listed under the Regulation, including - as pointed out in Defendant's motion, "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 CFR 1.6050P-1(a)(2)(F). There are also eight *exceptions* to reporting:

(1) Certain bankruptcy discharges [full text omitted].

(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions [full text omitted].

(5) Acquisition of indebtedness by related party. No reporting is required under this section in the case of a deemed discharge of indebtedness under section 108(e)(4) [26 USCS § 108(e)(4)] (relating to the acquisition of an indebtedness by a person related to the debtor), unless the disposition of the indebtedness by the creditor was made with a view to avoiding the reporting requirements of this section.

  (6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.

  (7) Guarantors and sureties. Solely for purposes of the reporting requirements of this section, a guarantor is not a debtor. Thus, in the case of guaranteed indebtedness, reporting under this section is not required with respect to a guarantor, whether or not there has been a default and demand for payment made upon the guarantor.

26 CFR §1.6050P-1(d).  The eighth exception, relating to seller financing, is found in 26 CFR §1.6050P-2(c).

  Defendant Credit Services fails to mention any of these exceptions in its brief.  The collection letter does not even state that Citibank "may" only have to file a Form 1099-C if certain requirements are met.  Rather, Credit Services represents that Citibank *is required* to file a Form 1099-C if $600.00 or more is "written-off".  Credit Services argues in its motion that the statement is literally true and therefore in compliance with the FDCPA.  Credit Services is wrong.

  Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.  15 U.S.C. §1692e and §1692e(3).  As more fully discussed below, Plaintiff states a claim under the FDCPA and defendant's motion to dismiss the complaint should be denied.

### III. <u>LEGAL STANDARD</u>

  Rule 8(a) of the Federal Rules requires a complaint only to set forth a "short and plain statement of the claims showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema,* 534 US 506, 512 (2002).  In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d

3

Cir. 2008). If the complaint "raise[s] a right to relief above the speculative level," then the motion to dismiss should be denied. *Id*. at 234 (citing to *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007)). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of Plaintiff's claim. *Id*. *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) ("The issue is not whether Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

Defendant, at all times, bears the burden of persuading the Court that no claim has been stated in order to justify the grant of a motion to dismiss a complaint. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

## IV.  LEGAL ARGUMENT

### A.  THE CHALLENGED STATEMENT IN DEFENDANT'S COLLECTION LETTER IS LITERALLY FALSE BECAUSE CITIBANK MAY – OR MAY NOT -- BE REQURIED TO REPORT OR ISSUE A FORM 1099-C.

Chapter 26, Section 1.6050P-1, of the CFR provides, in part:

> Except as provided in paragraph (d) of this section, any applicable entity. . . that discharges an indebtedness of any person . . . of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. ... [A] discharge of indebtedness is deemed to have occurred, except as provided in paragraph (b)(3) of this section, if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, whether or not an actual discharge of indebtedness has occurred on or before the date on which the identifiable event has occurred.

There are seven identifiable events listed under the Regulation, including - as pointed out in Defendant's motion, "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 CFR 1.6050P-1(a)(2). There are also <u>eight exceptions to reporting</u>, including – as Defendant fails to

4

point out, interest and non-principal amounts which are part of the balance claimed due. 26 CFR 1.6050P-1(d)(2) and (3).

Contrary to Credit Services' position, the settlement of a debt for an amount less than the balance alleged due does not automatically result in an identifiable event. Client Services' statement in its April 2008 collection notice that "[i]f the amount written-off is equal or greater than $600.00, our client **is required** by Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C" is inaccurate, deceptive and misleading. (Exhibit "A"; emphasis added). As mentioned above, interest and non-principal amounts are not reportable. 26 CFR §1.6050P-1(d)(2) and (3). Consequently, any amount to be written-off by a reporting entity which consists in whole or in part of interest or non-principal amounts need not be reported on a Form 1099-C. Discovery may well reveal that after the allowance for interest and non-principal amounts, less than $600.00 would be discharged, thereby negating any reporting requirement or that a sum far less than the "written-off" amount is reportable, after allowance for interest and other non-principal sums. Client Services' letter fails to inform the consumer of these exceptions and fails to breakdown the debt claimed due into principal, interest and other charges. As a result, Client Services' letter is not even literally true since there is no way of knowing from the contents of the letter whether Citibank would really be *required* to file a Form 1099-C if the proposed settlement were accepted, nor the reportable amount, if any.

The compromise of a disputed claim does not necessarily trigger an identifiable event. For example, in *I.R.S. Private Letter Ruling*, No. 128490-07 (200802012) (Oct. 4, 2007), attached hereto as Exhibit "B", a class of plaintiffs sued a Company alleging that it wrongfully charged interest and fees in connection with asset financing contracts. Ultimately, the parties settled, and the settlement required the Company to write-off any deficiency balances and

5

charges. The Company sought an opinion from the IRS as to whether the settlement, resulting in the discharge of balances claimed due, would require the filing of 1099-C Forms. The IRS concluded that since the Company was not authorized under state law to collect the balances and charges sought, the discharge of those sums as required by the class settlement agreement did not trigger an identifiable event listed in Section 1.6050P-1(b)(2). Ex. B, *Id.* at pg. 3. *See also Sledge v. Sands*, 182 F.R.D. 255, 260 (N.D. Ill 1998)(collector conceded that "compromise ... of a disputed claim is not considered a discharge of debt."). *Compare Zarin v. Commissioner of Internal Revenue*, 916 F.2d 110 (3d Cir. 1990)(holding that the settlement of the disputed debt only serves to fix the amount of the debt, and that any tax consequence "dissolved" upon reaching a settlement).

The discharge of indebtedness must also be for "less than full consideration" to trigger the reporting requirement under Section 1.6050P-1(b)(2)(F). The IRS, in the opinion discussed above, stated that "to establish consideration, there must be a performance or a return promised which has been bargained for by the parties", citing to *Restatement (Second) Contracts §71(1)(1981)*. *I.R.S. Priv. Ltr. Rul.* 128490-07 (20802012) pg. 2. There, the IRS concluded that the agreement to discharge the remaining balances and charges did not constitute consideration for the discharge. Thus, a dispute as to what constitutes "full consideration" may leave no balance to be discharged. By way of an example, if a consumer were the victim of identity theft and Citibank agreed to discharge the entire balance claimed due, there would be no consideration for the discharge justifying the filing of a Form 1099-C.

Here, Client Services statement about Citibank's being "required" to report is literally false because there is no clear requirement that Citibank would have to file a 1099-C Form with the IRS if a settlement were reached. It is also misleading in the context of consumer collection.

6

There are several exceptions to the filing requirement, none of which Credit Services mentions in its letter. As a result, Credit Services' letter is false, deceptive, and misleading in violation of the FDCPA.

### B. EVEN IF DEFENDANT'S STATEMENT WERE TRUE – WHICH IT IS NOT – THE LETTER CREATES A MISLEADING IMPRESSION ABOUT WHETHER CITIBANK IS REALLY REQUIRED TO FILE A FORM 1099-C.

Defendant Client Services essentially argues that the challenged language regarding the filing of a Form 1099-C by its client, Citibank, is literally true and therefore cannot be a violation of the FDCPA. While the statement is not true, even "a literally true collection letter. . . can still convey a misleading impression" under the FDCPA. *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill 1998). *See also Brown v. Card Serv. Center*, 464 F.3d 450, 455 (3d Cir. 2006)(literal truth not a defense to deception; a collection letter is deceptive under §1692e of the FDCPA when it can reasonably be read to have two or more different meanings, one of which is inaccurate). A communication from a debt collector to a consumer is interpreted from the perspective of the "least sophisticated debtor". *Brown*, 464 F.3d at 453; *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (citing *Baker v. G.C. Services.*, 677 F.2d 775, 778 (9th Cir.1982)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Brown*, 464 F.3d 453 (citing to *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993)). *Accord Agosta v. InoVision, Inc.*, 2003 WL 23009357, *7 (E.D. Pa. 2003) (stating that the FDCPA protects all consumers, regardless of naivety, from unfair, abusive, or misleading debt collection practices). "The least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive

or mislead a reasonable debtor might still deceive or mislead the least sophisticated consumer." *Brown,* 464 F.3d at 454.

For example, in *Sledge*, *supra*, the court certified a class of consumers who received a collection letter stating in part that "[w]here the amount of debt canceled or discharged is $600.00 or greater, the creditor <u>may be required</u> to report such information to the IRS." *Id.,* 182 F.R.D. at 260. (emphasis added). In that case, the Plaintiff brought suit alleging that the defendant collector's provisional statement was deceptive and misleading in violation of the FDCPA since there were only a miniscule number of debtors, who through a discharge of debt, would actually receive income as defined by the Internal Revenue Code. *Id.* at 260. The defendant collector countered (as here) that its statement in the letter was literally true and did not violate the FDCPA. *Id*.

The Court in *Sledge* rejected the defendant's "literally true" defense, finding that even "a literally true collection letter [ ] can convey a misleading impression." *Sledge, supra.* at 260. The Court found that if the "majority of debtors receiving [defendant's] letter will not realize income from the discharge of debt, then [defendant's] letter provides a misleading impression and violates the FDCPA." *Id. Accord, Brown*, 464 F.3d at 453-54. Likewise, in this matter, Credit Services' letter created a false, deceptive and misleading impression about the need for Citibank to file a Form 1099-C with the IRS. There are several exceptions to the reporting requirement which Client Services fails to disclose, thereby giving the false impression that Citibank <u>must</u> report any remaining balance. This violates §§1692e, 1692e(5).

### C. INJECTING THE IRS INTO THE COLLECTION SCHEME IS INTIMIDATING TO THE LEAST SOPHISTICATED CONSUMER.

Client Service's statement about the filing of a Form 1099-C with the IRS serves <u>no legitimate</u> purpose or need from Client Service's perspective. Client Services is not an

"applicable entity" required to report under the Regulation, *see* 26 CFR 1.6050P-2, and is not under any obligation to advise a consumer whether or not an applicable entity will report. As alleged in the Complaint, Client Services includes the Form 1099-C reporting language in its collection notice as a collection ploy designed to deceive or mislead the least sophisticated consumer into thinking that the IRS will be somehow injected into the collection process, in violation of the FDCPA. (Complaint, Doc. No. 1, par. 16).

The FDCPA was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000) (citing to *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84) (4th Cir. 1991)). One of the ways Congress sought to reduce or eliminate abusive debt collection practices was to prohibit a debt collector from sending a false, deceptive, or misleading communication to a consumer. 15 U.S.C. §1692e. While Section 1692e provides specific examples of prohibited conduct, those examples are not exclusive as evidenced by the following statement in the Senate report on the FDCPA: ". . . this bill prohibits in general terms any harassing, unfair or deceptive collection practice [and] will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *S.Rep. No. 382*, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

In *Gammon v. GC Services Ltd Partnership*, 27 F.3d 1254 (7th Cir. 1994), the defendant debt collector sent a collection notice which included the following language:

> We provided the systems used by a major branch of the federal government and various state governments to collect delinquent taxes.

*Id.* at 1255.

Plaintiff Gammon filed a class action suit alleging a violation of the FDCPA resulting from the defendant collector giving the false and misleading impression in its letter that it was associated with both federal and statement government in connection with the collection of debts. *Id* at 1256. The Court agreed, finding that the unsophisticated consumer[2] could reasonably interpret that language to mean that the defendant collector was vouched for or affiliated with those governmental bodies, when in fact, it was not. *Id* at 1257. In support of that conclusion, the Court made the following observation:

> It is difficult to imagine what end [defendant] intended to accomplish with its statement other than the intimidation of unsophisticated consumers with the power of having the tax collection units of the federal and stated governments in its corner, or least at its disposal. It would seem that [defendant] had no reason to mention specifically its state and federal government clients in the letter except to leave the impression that it is closely involved with these governmental entities, and can use the "systems" of the IRS and state tax authorities to collect delinquent debts.

*Gammon* at 1258.

Likewise, here, there was no reason for Client Services to inject the IRS into the collection process except to convey to the least sophisticated consumer that she will be reported to the IRS. The IRS is a powerful government agency and the thought of being reported to it is intimidating. Thus, the least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00 remains regardless of whether the event is reportable.

---

[2] The Seventh Circuit refers to the "unsophisticated consumer" whereas the Third Circuit refers to the "least sophisticated consumer." Our standard is presumably even more protective.

10

## V.     CONCLUSION

Client Services' collection letter tells the consumer that Citibank "is required" by the Internal Revenue Code "to report the amount [discharged] and issue a form 1099-C." Because there are any number of circumstances where, under the IRS Regulation, there should be no IRS reporting nor 1099-C issued, and because non-principal portions are not reportable, the affirmative statement is both false and misleading to the consumer.

Wagner amply states a claim upon which relief can be granted, and defendant's motion should be denied. A form of Order is included.

Respectfully submitted:

Date:  1/16/09

*/s/ Theodore E. Lorenz (TEL5114)*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

clf\wagner-client services\pleadings\Response to Motion to Dismiss Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA WAGNER,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CLIENT SERVICES, INC.,<br>　　　　　　　Defendant. | CIVIL ACTION NO. 08-5546 (MMB) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

> Allen R. Bunker, Esquire
> Comeau & Bunker
> Four Penn Center, Suite 500
> 1600 John F. Kennedy Boulevard
> Philadelphia, PA  19103-2808

Said document is available for viewing and downloading from the ECF system.  A copy was also sent by first class mail, postage prepaid.


Date:  1/16/09　　　　　　　　　　　　　　*/s/ Theodore E. Lorenz (TEL5114)*
　　　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ