**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAULA WAGNER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLIENT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | NO. 08-5546 |

**MEMORANDUM**

**Baylson, J.**                                                                 **March 26, 2009**

Presently before this Court is Defendant Client Services, Inc.'s Motion to Dismiss in a

consumer action for damages brought pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692.  Plaintiff Paula Wagner alleges that Defendant sent her a

collection letter containing false, deceptive, and / or misleading representations, in violation of

the Act.  For the following reasons, the motion will be denied.

I.     **Background**

A.     **Facts**

Defendant, Client Services, Inc., a Missouri corporation in the business of collecting

debts on behalf of creditors, sent a letter to Plaintiff, a Pennsylvania resident, regarding debt

allegedly due to Citibank (South Dakota) NA ("Citibank").[1]  (Compl. ¶¶ 5-9).  The letter, dated

---

[1] The undersigned normally recuses himself in matters pertaining to Citibank based on
stock ownership.  However, as Citibank is not a party to this lawsuit, nor is it liable under the
FDCPA because it is not a "debt collector," as defined in Section 1692(a)(6) of the FDCPA.
Instead Citibank is considered a "creditor" under Section 1692(a)(4) of the FDCPA. The Third
Circuit has recognized that "[c]reditors—as opposed to debt collectors—generally are not subject
to the FDCPA."  F.T.C. v. Check Investors, Inc., 502 F.3d 159, 171 (3d. Cir. 2007).  Therefore,

April 4, 2008, indicated a balance due of $6,687.23.[2]  (Def.'s Mot. Dismiss, Ex. B).  The letter

reads:

> In an effort to resolve this matter amicably, our client has authorized us to accept a settlement of 80% of the above balance.
>
> If you chose to accept this offer, we must receive the settlement amount in full no later than fourteen days from the date of this letter.  If you wish to accept this offer, but need a few more days to make arrangements, please call us at our toll free number 1-800-521-3236.
>
> If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C.  If you have any questions regarding your personal taxes, it is recommended that you consult with a certified public accountant or other tax professional.

(Compl. Ex. A).  Plaintiff claims that language of the letter is false, deceptive, and misleading,

thereby violating § 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692.  (Compl. ¶ 18).

### B.    Procedural History

Plaintiff filed her Complaint on November 25, 2008 (Doc. No. 1).  Defendant filed this

Motion to Dismiss on January 2, 2009 (Doc. No. 4), and Plaintiff replied on January 19, 2009

(Doc. No. 6).

## II.    <u>Jurisdiction</u>

Jurisdiction is proper on the basis of 28 U.S.C.A. § 1331.  Plaintiff's claim arises under

recusal is not necessary in this case.

[2] The balance amount was redacted in the copy of the letter attached to Plaintiff's Complaint as Exhibit A.  In its Motion to Dismiss, Defendant asserted that the balance was the stated above amount.  Plaintiff does not dispute this amount.

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

### III.   Parties' Contentions

In its Motion to Dismiss, Defendant argues that the letter is not deceptive or misleading in any way because the facts of this case necessitate the filing of Form 1099-C pursuant to Internal Revenue Code ("I.R.C.") § 6050P.  (Def.'s Memo. Law Support Mot. Dismiss at 3).   Defendant argues that under § 6050P, as clarified by 26 C.F.R. 1.6050P-1(b)(2), an agreement to accept less than full consideration of the debt is an "identifiable event," thereby triggering the § 6050P reporting requirement.  (Def.'s Memo. at 2).  Defendant argues that because the "identifiable event" of a discharge of indebtedness would occur if Plaintiff accepted Defendant's settlement offer and because the amount of the discharge in this case is greater than $600.00, Citibank would be required to report the settlement to the IRS, and therefore its statement to that effect is neither deceptive nor misleading.  (Def.'s Memo. at 3).

In her Response to Defendant's Motion to Dismiss, Plaintiff contends that the letter violates the FDCPA because: (1) the letter is literally false because Citibank may not be required to report the settlement; (2) the letter creates a misleading impression that Citibank is required to file 1099-C forms; and (3) mentioning the IRS is intimidating to the least sophisticated consumer.  (Pl.'s Memo. Law Opp'n to Def.'s Mot. at 4-8).

Plaintiff contends that Defendant's letter is literally false because Citibank is not <u>required</u> to report the amount to the IRS; therefore such definitive language is deceptive and misleading. (Pl.'s Memo. at 2-3).  Plaintiff notes that, under 26 C.F.R. 1.6050P-1(d), there are eight exceptions to the reporting requirement, including amounts attributable to interest and other non-

principal amounts.  (Pl.'s Memo. at 2).  Plaintiff argues that portions of her discharged debt could

be attributed to interest and other non-principal sources such that the non-excludable, reportable

amount discharged may fall below $600.00 and therefore need not be reported on a 1099-C.

(Pl.'s Memo. at 5).  In addition, Plaintiff argues that even if the letter is not literally false, its

misstatement of the reporting requirement creates a misleading impression by failing to mention

applicable exceptions to the reporting requirement.  (Pl.'s Memo. at 7-8). Finally, Plaintiff asserts

that Defendant's injection of the IRS into the collection scheme serves no purpose other than to

intimidate the consumer.  (Pl.'s Memo. at 8).

## IV.   <u>Legal Standard</u>

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court may look only to the facts alleged in the complaint and its attachments. <u>Jordan v. Fox,

Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the

plaintiff.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).  The

motion will be granted only when it is certain that no relief could be granted under any set of

facts that plaintiff could prove.  <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).

A valid complaint requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to state a valid complaint a plaintiff

must make a "showing" that is more than just a blanket assertion that he is entitled to relief.

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).  "We caution that without

some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she

provide not only 'fair notice' but also 'grounds' on which the claim rests."  <u>Id.</u> (citing <u>Bell</u>

Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n.3 (2007)).

**V.    Discussion**

 **A. Fair Debt Collection Practices Act**

  As the Third Circuit recognized in Wilson v. Quadramed Corp., and Plaintiff notes in her brief, Congress enacted the FDCPA, "'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" 225 F.3d 350, 354 (quoting Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991)).  Plaintiff claims both a general violation of § 1692e as well as specific violations of §§ 1692e(3), (5), and (10) due to the false, deceptive, and misleading nature of the letter.[3]  Section 1692e reads, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.  Courts have construed the statute liberally, applying a "least sophisticated debtor" standard to evaluate the effect of debt collector communications.

---

 [3] In her complaint Plaintiff claims violations of §1692e generally and § 1692e(10) specifically.  (Compl. ¶¶ 11-12).  In her Response brief, Plaintiff claims violations of § 1692e generally and §§ 1692e(3), (5) specifically.  (Pl.'s Memo. at 3, 8).

Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).  In Brown, the Third Circuit

defined the standard by stating that "[t]he least sophisticated debtor standard requires

more than 'simply examining whether particular language would deceive or mislead a

reasonable debtor' because a communication that would not deceive or mislead a

reasonable debtor might still deceive or mislead the least sophisticated debtor."  Brown,

464 F.3d at 454 (citing Quadramed, 225 F.3d at 354).

### B.    Legal Requirement to Report Discharge of Indebtedness

Section 6050P of the Internal Revenue Code reads, in part:

(a) In general
    Any applicable entity which discharges (in whole or in part) the
    indebtedness of any person during any calendar year shall make a
    return (at such time and in such form as the Secretary may by
    regulations prescribe) setting forth -
        (1) the name, address, and TIN of each person whose
        indebtedness was discharged during such calendar year,
        (2) the date of the discharge and the amount of the
        indebtedness discharged, and
        (3) such other information as the Secretary may prescribe.
(b) Exception
    Subsection (a) shall not apply to any discharge of less than
    $600.

26 U.S.C. § 6050P.  As both Plaintiff and Defendant recognize, the statute is further defined and

clarified by the Treasury Regulation 1.6050P-1.  According to Treasury Regulation 1.6050P-

1(a)(1), "a discharge of indebtedness is deemed to have occurred . . . if and only if there has

occurred an identifiable event described in paragraph (b)(2) of this section."  26 C.F.R. § 6050P-

1(a)(1).  Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of

indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge

indebtedness at less than full consideration."  26 C.F.R. § 1.6050P-1(b)(2)(F).  Defendant does

not dispute that Citibank is an "applicable entity," as defined by 26 U.S.C. § 6050P(c)(1).

Therefore the agreement to settle Plaintiff's debt for eighty-percent of the amount owed would

constitute an identifiable event, in the form of a discharge of indebtedness, and trigger the

application of I.R.C. § 6050P.

Treasury Regulation 1.6050P-1, however, outlines certain exceptions to the § 6050P

reporting requirement.  26 C.F.R. § 1.6050P-1(d).  As Plaintiff notes, the most pertinent of these

eight exceptions are §§ 1.6050P-1(d)(2) and (3), which read:

> (2) Interest. The discharge of an amount of indebtedness that is interest is not
> required to be reported under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending
> transaction, the discharge of an amount other than stated principal is not required
> to be reported under this section. For this purpose, a lending transaction is any
> transaction in which a lender loans money to, or makes advances on behalf of, a
> borrower (including revolving credits and lines of credit).

26 C.F.R § 1.6050P-1(d).  Pursuant to the Regulation, a creditor is not required to report amounts

attributable to interest, non-principle amounts, or any other amount falling within the exceptions

listed in § 1.6050P-1(d).

In sum, under I.R.C. § 6050P, Citibank must report any discharge of indebtedness in

excess of $600.00; however, debt amounts attributable to one of the eight exceptions are not to

be included in the reporting requirement calculation.

### C.    Accuracy of Collection Letter

The parties do not dispute Plaintiff's outstanding debt of $6,687.23 at the time the letter

was sent.  Defendant states that settling the debt for eighty-percent of the value would result in

discharge of indebtedness income to the Plaintiff in the amount of $1,337.45.  (Def.'s Memo. at

3).  Although that amount is clearly in excess of the $600.00 statutory floor, Defendant has failed

to demonstrate that the amount, or parts thereof, are not subject to a § 1.6050P-1(d) exception.

Specifically, Defendant has not argued what portion of any discharged amount is attributable to

principal, interest, and any other non-principal amounts.  Therefore, Defendant has not shown

that Citibank was indeed <u>required</u> to report the Plaintiff's discharge of indebtedness, since it is

possible that less than $600.00 of any discharged amount is actually principal.  Because

Defendant has not provided any information on this issue, there remains the initial question of

whether the collection letter's "required to" language is literally true or false.  This issue requires

discovery, and therefore the Court must deny the Motion to Dismiss.[4]  As such, the Court does

not have to explore Plaintiff's remaining arguments to deny the Motion—the letter's deceptive or

misleading nature—at this stage.

**VI.**     **<u>Conclusion</u>**

By failing to attribute the nature of the debt that may be discharged to principal and non-

principal amounts, Defendant has not shown that its letter is literally true.  As Defendant has

failed to show the Plaintiff's debt does not fall within the exceptions of 26 C.F.R § 1.6050P-1(d),

its Motion to Dismiss is denied.

An appropriate Order follows.

---

[4] This Court's independent research has not revealed factually similar cases.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PAULA WAGNER,                 :     CIVIL ACTION
                                     :

        Plaintiff,            :
                                       :

          v.               :
                                     :

CLIENT SERVICES, INC.,        :
                                     :

        Defendant.       :     NO. 08-5546

## <u>ORDER</u>

_____AND NOW, this _____26th_____ day of March 2009, after reviewing Defendant's

Motion to Dismiss, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. No. 4) is

DENIED.


                                       BY THE COURT:

                                       /s Michael M. Baylson

                                     _____

                                     Michael M. Baylson, U.S.D.J.


O:\CIVIL 07-08\08-5546 Wagner v. Client Services\Memo re MTD FINAL.wpd